# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

S&J WHOLESALE, LLC,                          )
KONCEPT INNOVATORS, LLC,                     )
CAST MASTERS, LLC, SYLVAN, LLC, and          )
ABLE MOTION, LLC,                            )
                                             )
    **Plaintiffs,**                      )
                                             )    **Case No. 1:22-cv-148**
**vs.**                                      )    **TRM-SKL**
                                             )
JINDAN DIRECT (SELLER ID: A2HMOZFW2X6SHX),   )    **Removed from the Circuit**
TAIXIAN DIRECT (SELLER ID: A3I2YE58Y1J1R5),  )    **Court of Hamilton County, TN**
QIAOLUO DIRECT (SELLER ID: A1RYILBXZDYBWE), )    **Case No. 22-C-598**
YINRUN (SELLER ID: AGC4WKQ3BBKSO),           )
and ZHENXINSY (SELLER ID: A3BG1ZK11RQH70),   )
                                             )
    **Defendants.**                      )

## PLAINTIFFS' AMENDED VERIFIED COMPLAINT AND REQUEST FOR RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

    S&J Wholesale, LLC, Koncept Innovators, LLC, Cast Masters, LLC, Sylvan, LLC, and Able Motions, LLC (each a "Plaintiff" and collectively, the "Plaintiffs" or "S&J"), by and through counsel, Grant, Konvalinka & Harrison, P.C. state and allege as follows:

### INTRODUCTION

    1.    Plaintiffs are various related entities which have designed, manufactured, and/or sold various products including, but not limited to, dog wheelchairs, hand and foot controls for disabled drivers, pedal extenders, left foot accelerators, smelters, teleprompters, and magazine loaders (the "Products"). The Defendants in this lawsuit are foreign entities who have wrongfully sold products derived from the (1) trade secrets, and (2) confidential and proprietary information of the Plaintiffs. The probability that these Defendants could simultaneously develop different unrelated niche products that are exact copies of Plaintiffs' products without utilizing Plaintiffs' restricted, protected and

1

proprietary information is infinitesimal. By doing so, Defendants avoided having to pay development and startup costs and are able to sell their goods at greatly reduced prices through websites such as Amazon. Defendants operate under pseudonyms on Amazon, and their true identities presently are not known. None appear to be located in the United States. After prior lawsuits against similar infringing or otherwise wrongful sellers, these Defendants who on information and belief are related to or the alter egos of defendants from prior lawsuits, participated in a widespread campaign of filing false complaints with Amazon. Those complaints falsely asserted misuse by Plaintiffs of both purported copyrighted materials and trademarks. In response to such complaints, Amazon's systems automatically removed Amazon pages for Plaintiffs' products being removed from Amazon's website resulting in economic and competitive harm to Plaintiffs.

2.        Plaintiffs ask the Court to enter injunctive relief to stop those wrongful sales, freeze the Amazon seller accounts for all Defendants, have all offending inventory frozen, restrain the Defendants from filing further false complaints with Amazon, and awarding Plaintiffs their damages resulting from Defendants' wrongful acts. The actions of the Defendants have damaged and continue to damage Plaintiffs, and Plaintiffs have suffered and will continue to suffer immediate irreparable harm which monetary damages alone are insufficient.

## PARTIES

3.        Plaintiff S&J Wholesale, LLC ("S&J") is a Tennessee limited liability company with a principal place of business in Hamilton County, Tennessee, with an address of 7335 Royal Harbour Circle, Ooltewah, Tennessee 37363.

4.        Plaintiff Koncept Innovators, LLC ("Koncept") is a South Carolina limited liability company with a principal place of business at 1619 Executive Avenue, Myrtle Beach, South Carolina 29577.

2

5.     Plaintiff Cast Masters, LLC ("Cast Masters") is a South Carolina limited liability company with a principal place of business at 1619 Executive Avenue, Myrtle Beach, South Carolina 29577.

6.     Plaintiff Sylvan, LLC ("Sylvan") is a South Carolina limited liability company with a principal place of business at 1619 Executive Avenue, Myrtle Beach, South Carolina 29577.

7.     Plaintiff Able Motion, LLC ("Able") is a South Carolina limited liability company with a principal place of business at 1619 Executive Avenue, Myrtle Beach, South Carolina 29577.

8.     Defendant JinDan Direct is an internet seller doing business under the Amazon Seller ID A2HMOZFW2X6SHX, with an address yet to be identified.

9.     Defendant Taixian Direct ("Taixian") is an internet seller doing business under the Amazon Seller ID A3I2YE58Y1J1R5, with no known U.S. address, but with an email address of taixiandirect@outlook.com.

10.     Defendant Qiaoluo Direct is an internet seller doing business under the Amazon Seller ID A1RYILBXZDYBWE, with an address yet to be identified.

11.     Defendant YinRun is an internet seller doing business under the Amazon Seller ID AGC4WKQ3BBKSO, with an address yet to be identified.

12.     Defendant ZhenXinSy, (collectively, with Taixian, Qiaoluo, JinDan, and YinRun, the "Defendants"), is an internet seller doing business under the Amazon Seller ID A3BG1ZK11RQH70, with an address yet to be identified.

13.     Upon information and belief, Defendants herein are related entities, or otherwise have a business relationship.

14.     Upon information and belief, Defendants herein are alter egos and or shell companies of defendants from prior litigation whose activities have been previously enjoined by this Court.

3

15.     Attached hereto as **Exhibit A** is a summary chart of Defendants and the Amazon

ASINs/listings at issue.  Those ASINs (unique Amazon product identifiers) are as follows:

| Seller ID | Seller Name | ASIN |
|---|---|---|
| A3I2YE58Y1J1R5 | Taixian Direct | B092SGSQMH<br>B09P667Z8R<br>B09B3M46WK<br>B09BFHJTKL<br>B08YMYT839<br>B09J7WSPLP |
| A1RYILBXZDYBWE | Qiaoluo Direct | B08DKG2ZFG<br>B08GS9HFYV<br>B08HCW4VBQ<br>B0986HN6LX<br>B0995996W3<br>B09FLFMRR5<br>B09GXMFYK9<br>B09KN6MZRH<br>B09VBTFKKG |
| A2HMOZFW2X6SHX | JinDan Direct | B08GC4PDVN<br>B08GPVF415<br>B091B1487K<br>B08GC4PDVN<br>B09MQ74CGX<br>B09LCYF6JP |
| AGC4WKQ3BBKSO | YinRun | B08DHH3ZP9<br>B08KP9Z58K<br>B093WQL4QW<br>B08SPZSDNV<br>B08ZS6FVW4<br>B091B4554P<br>B08YN99CMR<br>B09WJX5RPL<br>B09SXLNYZ6 |

| Seller ID | Seller Name | ASIN |
|---|---|---|
| A3BG1ZK11RQH70 | ZhenXinSY | |
| | | B08KP9Z58K |
| | | B09PK4S8BN |
| | | B09PK5P5YH |
| | | B09PK55WV3 |
| | | B09T3B4CJM |
| | | B08SPZSDNV |
| | | B09W92H5C3 |
| | | B09W8YDHWD |
| | | B09W2NLMMH |

## JURISDICTION

16.     Jurisdiction and venue are proper in this Court where S&J is located and suffering harm, where all other Plaintiffs' Products are available, where Defendants have wrongfully marketed and sold counterfeit and wrongfully copied goods, where Defendants have communicated with Plaintiffs regarding their wrongful conduct, and where Defendants' actions of filing fraudulent complaints with Amazon have caused damage to the Plaintiffs. All Plaintiffs and Defendants operate an interactive website through Amazon in which they advertise, promote and sell their products to businesses and individuals residing in Hamilton County, Tennessee. All have sold goods in Hamilton County, Tennessee.

## FACTS

A.     **The Underlying Bad Acts.**

17.     Beginning on or about January 2006, a predecessor of S&J entered into a business relationship with Ningbo Yinzhou RMAO Leisure Industry Ltd. ("NYRLIL") for the production of the Products. All Plaintiffs have utilized NYRLIL to manufacture their products, and all have suffered harm from the same wrongful conduct set forth herein.

18.     As part of the business relationship, pursuant to a non-disclosure and exclusivity agreement, NYRLIL agreed that it would maintain Plaintiffs' confidential, proprietary and trade secret

5

information in strict confidence and use such information solely for the benefit of Plaintiffs. NYRLIL agreed that technology and information developed by NYRLIL while doing work for Plaintiffs would belong to Plaintiffs. The trade secret, confidential, and proprietary information included, in particular, Plaintiffs' manufacturing methods, bills of materials, cost information, specifications, CAD, manufacturing volume and velocity, and sources of supply – all of which were closely held secrets of Plaintiffs and not publicly available. More specifically, the wrongfully used trade secrets, confidential and proprietary information included the following, which were known only to Plaintiffs and NYRLIL and were held in confidence:

(a)  Sales volume information relating to sales volumes of Plaintiffs' Products, allowing Defendants to choose which ones to profitably copy;

(b)  Manufacturing cost information relating to Plaintiffs' costs and expenses in manufacturing the Products at issue;

(c)  Financial information relating to profit margins for Plaintiffs' Products, again allowing Defendants to choose which profitable Products to copy;

(d)  Drawings, specifications, sources of supply, and bills of materials relating to Plaintiffs' Products;

19.    At a NYRLIL board meeting, Mr. Ruan Gu Chang ("Chang") proposed that NYRLIL breach the confidentiality agreement and begin to manufacture and sell Plaintiffs' products for a lower price on Alibaba, Amazon and eBay.

20.    While NYRLIL refused to do so, Mr. Chang and other principals of NYRLIL then created a new factory to produce exact copies of the niche products of the Plaintiffs, and began selling those products online within a few months, having directly benefited from the startup and development work of the Plaintiffs.

21.    That new company, Ningbo Yonk Machinery Co., Ltd. ("Ningbo") was formed on or about January 2019, but possibly as early as January 2017 while Chang was still working for NYRLIL.

6

22. Ningbo almost immediately began selling counterfeit and wrongfully copied versions of the Plaintiffs' Products, which originally were being manufactured by NYRLIL under trade secret protection and requiring confidentiality, as set forth above. Upon information and belief, the wrongfully copied Products then were sold to the Defendants herein, either directly or indirectly.

23. Ningbo has wrongfully utilized the (1) trade secrets, and (2) confidential and proprietary information of Plaintiffs to design and manufacture its products, which are competing with Plaintiffs' Products at substantially reduced prices.

24. Ningbo has wrongfully utilized the (1) trade secrets, and (2) confidential information of Plaintiffs to manufacture copycat, competing products, which it has sold at a price undercutting the price of Plaintiffs' Products.

25. Through its wrongful use of Plaintiffs' (1) trade secrets, and (2) confidential information, Ningbo was able to avoid incurring the usual and standard startup costs for research and development related to a new product. Ningbo thus was able to avoid a lengthy development period and manufacture the Products at lesser cost.

26. Ningbo has wrongfully benefitted from using Plaintiffs' (1) trade secrets, and (2) confidential and proprietary information and has been unjustly enriched by doing so, causing damage and harm to Plaintiffs' sales, reputation, business relationships, and goodwill.

27. Similarly, Defendant Amazon Sellers have wrongfully benefitted from using Plaintiffs' (1) trade secrets, and (2) confidential and proprietary information and have been unjustly enriched by doing so, causing damage and harm to Plaintiff's' sales, reputation, business relationships, and goodwill.

28. Upon information and belief, Ningbo and Defendants named herein have willfully, intentionally, and with full knowledge violated the rights of Plaintiffs with regard to Plaintiffs' Products, as set forth herein.

29.     Upon information and belief, Ningbo and all Defendants are related, or otherwise have a business relationship.

30.     Plaintiffs have sustained, and continue to sustain damage, including but not limited to lost sales.

**B.     Retaliation.**

31.     On or about December 30, 2021, Plaintiffs filed a Complaint in this Court against certain Amazon sellers alleging that the Amazon sellers were selling products that infringed upon or misappropriated the Plaintiffs' intellectual property rights. See Case No. 21-C-1206, Hamilton County Circuit Court, Div. I.

32.     On or about January 21, 2022, Plaintiffs received the first threat from Defendants by email, from brittanybusiness96@gmail.com, wherein Defendants threatened "You also know what we can do.  If you do not withdraw this court complaint.  We will fight back at home!!! This is our final warning." See **Exhibit B** attached hereto.

33.     On or about January 25, 2022, Mr. Sylvan Newby, a principal of the Plaintiffs, received an email entitled "Reciprocal Retalition" [sic].  That email states that "our technical staffs will also deal with your three asins accordingly, making it impossible to sell."  A true and correct copy of that email is attached hereto as **Exhibit C.**

34.     The attachments to **Exhibit C** show the receipt of electronic service by Vaiking, Cyanbulls, Sundazzi and Glorybull, all Defendants in the prior case, No. 21-C-1206.

35.     On or about February 8, 2022, Mr. Newby received a message via a Chatbox on one of Plaintiffs' websites.  The message was entitled "Sylvan War" (the "Feb. 8 email").  That email clearly stated the following: "Your asins (B073ERQY98, B019AJOLEM) are operated by our technical department to make them unsaleable."  A true and correct copy of that email is attached hereto as **Exhibit D**.

8

36.     An agent of Defendants, SimonsDT96@outlook.com, sent an email to Mr. Newby at 4:57 a.m., on February 9, 2022.  That email concluded "Otherwise, the follow-up struggle will become more intense, and our technical department will continue to operate your asins before receiving the end instruction."  See **Exhibit E** attached hereto.  Upon information and belief, the verb "operate" in this context means "disable."

37.     On or about February 9, 2022, Mr. Newby received a second email from the email address SimonsDT96@outlook.com, a true and correct copy of which is attached hereto as **Exhibit F**.

38.     The February 9 email stated, "If we can't hear from you tomorrow, the instruction received by the tech department is to do a massive operation on your other asins. This is not the result we want to see, and we look forward to your reply as soon as possible." A true and correct copy of the February 9 email is attached hereto as **Exhibit F** and incorporated herein.

39.     Upon information and belief, the January 21 and 25 and February 8 and 9 emails originated from an agent of the Defendants.

40.     Upon information and belief, on or about February 15, 2022, Defendants began filing false complaints with Amazon alleging that certain ASINs (unique product identifiers for products sold on Amazon) assigned to Plaintiffs' products contained copyrighted text on the product detail page, and Plaintiffs were using the copyrighted text without authorization.

41.     Upon information and belief, on or about March 22, 2022, Defendants again filed false complaints with Amazon alleging that certain ASINs assigned to Plaintiffs' products contained copyrighted text on the product detail page, and Plaintiffs were using the copyrighted text without authorization.

42.     Upon information and belief, on or about March 23, 2022, Defendants again filed false complaints with Amazon alleging that certain ASINs assigned to Plaintiffs' products contained

9

copyrighted text on the product detail page, and Plaintiffs were using the copyrighted text without authorization.

43.     The complaints to Amazon provided links to fake Shopify websites upon which Defendants had placed ***Plaintiffs' own content***.  Upon the filing of the complaints, Amazon automatically disabled the corresponding ASINs of Plaintiffs making it impossible for Plaintiffs to sell their products through those ASINs on Amazon.

44.     S&J then had fourteen (14) days to respond, during which their Amazon pages were shut down.

45.     Plaintiffs responded to the Amazon Complaints and then waited for Amazon to reinstate Plaintiffs' ASINs.

46.     When Amazon eventually reactivated the ASINs, Defendants systematically resubmitted nearly identical complaints to Amazon causing Amazon's systems to automatically disable Plaintiffs' ASINs again.

47.     Although this Amended Complaint specifically references some of the false complaints Defendants submitted to Amazon, the allegations herein should not be construed to be inclusive. Indeed, Defendants submitted multiple, repeated, fake complaints to Amazon against many of Plaintiffs' products on Amazon.

48.     Defendants' conduct was systematic and methodical and was indeed a "massive operation" as they admitted they would conduct.

49.     Upon information and belief, beginning at least on or about April 28, 2022, Defendants adopted a new tactic and began filing false complaints with Amazon alleging trademark infringement by Plaintiffs.  Those false claims asserted infringement by Plaintiffs ***of Plaintiffs' own federally registered trademarks***.  To date, Plaintiffs have been unable to restore all of their listings. (Collectively, Defendants' submission of fake complaints to Amazon, the "Amazon Complaints").

10

50. Plaintiffs have sustained and continue to sustain damage including, but not limited to, lost sales and the cost of response and remediation.

51. Plaintiffs' ASINs at issue are as follows and as set forth on **Exhibit G** hereto.

## PLAINTIFFS' ASINs

### Sylvan LLC
B005P9SHGK
B082DKJVDB

### Cast Masters
B073DRQY98
B08FF3HCLZ

### Koncept Innovators, LLC/Glide Gear
B019AJOLEM
B087H23JQW
B07X9VSZMM
B07BF5T1BC
B08ZH392W9

### S&J Wholesale Dealers
B01LDDSL6W
B00YD4CRH8

### Able Motion, LLC
B01AIVRLWU
B075W3QCTX
B074F1V4MS
B07NWX53RS
B09FFVDMZQ
B07PMF17CL
B094KLD224
B09CWJC8ZP
B07NF84NJL

## COUNT I

## INTENTIONAL INTERFERENCE WITH EXISTING
## AND PROSPECTIVE BUSINESS RELATIONSHIPS

52.     All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

53.     Upon information and belief Defendants filed false Amazon Complaints in retaliation for the prior complaint filed by Plaintiffs in this Court, No. 21-C-1206, Div. I.

54.     By filing the false Amazon Complaints, the Defendants interfered with the business relationship between Plaintiffs and Amazon, and the Plaintiffs and the purchasers and prospective purchasers of Plaintiffs' products on Amazon.

55.     Defendants knew that Plaintiffs sell their products on Amazon. *See* **Exhibits B-F**.

56.     Defendants knew that filing the false Amazon Complaints would prevent Plaintiffs from selling their products to customers on Amazon.

57.     Defendants intended to interfere with Plaintiffs' ability to sell its products to customers via Amazon. *See* **Exhibits B-F**.

58.     As a result of the Defendants' false Amazon Complaints, Plaintiffs suffered injury to their reputation and were financially damaged due to lost sales and loss of market share.

## COUNT II

## INJUNCTIVE RELIEF

59.     All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

60.     The unlawful actions of Defendants herein have immediately harmed, and continue to harm, Plaintiffs' goodwill and business relationships and operations.

12

61. Without the entry of an order immediately enjoining Defendants from making additional false Amazon Complaints, Plaintiffs have suffered and will continue to suffer immediate irreparable harm for which monetary damages alone are insufficient.

62. Without the entry of an order immediately enjoining Defendants from further selling counterfeit or copycat products wrongfully manufactured utilizing the (1) trade secrets, and (2) confidential and proprietary information of Plaintiffs, Plaintiffs have suffered and will continue to suffer immediate irreparable harm for which monetary damages alone are insufficient.

63. Pursuant to Rule 65.03 of the Tennessee Rules of Civil Procedure, Plaintiffs are entitled to obtain from the Court an immediate temporary restraining order enjoining and restraining Defendants as follows:

(a) Defendants shall not sell any goods or Products utilizing Plaintiffs' (1) trade secrets, and (2) confidential and proprietary information including, but not limited to, the ASINs identified in **Exhibit A** hereto;

(b) Defendants shall cease using and maintaining the Amazon listings and ASINs identified on **Exhibit A**, with Defendants deleting those listings and ASINs and instructing Amazon to do so as necessary;

(c) the seller settlement accounts of Defendants are hereby frozen to prevent the Defendants from accessing those funds to prevent them from being irretrievably disbursed and lost to the anonymity of the internet;

(d) the Defendants' inventories are hereby frozen to prevent the Defendants from transferring or withdrawing the inventories from Amazon;

(e) absent leave from this Court, the Defendants shall not file any additional intellectual property complaints with Amazon regarding any of Plaintiffs' listings or ASINs, including, but not limited to, those shown on **Exhibit G** hereto, and Defendants and all persons or entities

13

related thereto, and all those in active concert with them, are restrained from filing any further false complaints with Amazon, including, but not limited to, posting unauthorized copyrighted texts, pictures, materials and trademarks, or otherwise engaging in improper conduct; and

(f) Amazon may and shall ignore any future intellectual property infringement complaints against Plaintiffs listings/ASINs on Amazon, as shown on **Exhibit G** hereto, (except complaints filed by Plaintiffs) and shall incur no liability in doing so. Plaintiffs shall not be limited with regard to filing complaints with Amazon to protect its own ASINs.

64.     Pursuant to Rule 65.04 of the Tennessee Rules of Civil Procedure, Plaintiffs are entitled to an immediate temporary injunction enjoining and restraining Defendants as follows:

(a) Defendants shall not sell any goods or Products utilizing Plaintiffs' (1) trade secrets, and (2) confidential and proprietary information including, but not limited to, the ASINs identified in **Exhibit A** hereto;

(b) Defendants shall cease using and maintaining the Amazon listings and ASINs identified on **Exhibit A**, with Defendants deleting those listings and ASINs and instructing Amazon to do so as necessary;

(c) the seller settlement accounts of Defendants are hereby frozen to prevent the Defendants from accessing those funds to prevent them from being irretrievably disbursed and lost to the anonymity of the internet;

(d) the Defendants' inventories are hereby frozen to prevent the Defendants from transferring or withdrawing the inventories from Amazon;

(e) absent leave from this Court, the Defendants shall not file any additional intellectual property complaints with Amazon regarding any of Plaintiffs' listings or ASINs, including, but not limited to, those shown on **Exhibit G** hereto, and Defendants and all persons or entities related thereto, and all those in active concert with them, are restrained from filing any further

14

false complaints with Amazon, including, but not limited to, posting unauthorized copyrighted texts, pictures, materials and trademarks, or otherwise engaging in improper conduct; and

(f) Amazon may and shall ignore any future intellectual property infringement complaints against Plaintiffs listings/ASINs on Amazon, as shown on **Exhibit G** hereto, (except complaints filed by Plaintiffs) and shall incur no liability in doing so. Plaintiffs shall not be limited with regard to filing complaints with Amazon to protect its own ASINs.

**COUNT III**

**FRAUD**

65. All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

66. Upon information and belief, Defendants filed the false Amazon Complaints intentionally misrepresenting that the Plaintiffs were displaying and/or using unauthorized copyrighted text, pictures, and trademarks to sell products on Amazon.

67. Upon information and belief, Defendants knew that the Amazon Complaints were false and knew that the copyrighted material and trademarks actually belonged to the Plaintiffs.

68. As a result of the Defendants' Amazon Complaints, Amazon took down Plaintiffs' products from its internet platform, causing Plaintiffs to lose sales and injuring their goodwill and reputation.

69. Plaintiffs own the rights to the copyrighted material and trademarks which are the subject of the Amazon Complaints, and Defendants knew that Plaintiffs owned the rights to the copyrighted materials and trademarks at the time they filed the false Amazon Complaints.

15

## COUNT IV

## UNJUST ENRICHMENT

70.     All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

71.     Defendants herein, either intentionally or innocently, are wrongfully selling the counterfeit and copied Products of Plaintiffs and, thus, are benefitting from Plaintiffs' (1) trade secrets, and (2) confidential and proprietary information for their own benefit and to the detriment of Plaintiffs.

72.     Defendants herein are wrongfully selling goods, which they have no right to sell and which have been wrongfully and illegally obtained from NYRLIL in violation of NYRLIL's obligations to Plaintiffs.

73.     The actions of Defendants herein, as set forth above, have resulted in unfair benefit and unjust enrichment to them through their wrongful and unauthorized sale of counterfeit and copied Products being wrongfully manufactured utilizing the Plaintiffs' trade secrets and proprietary and confidential information.

74.     Defendants herein have wrongfully benefitted from their actions, to the detriment of Plaintiffs, entitling Plaintiffs to their damages and/or disgorgement of any profits made by them.

75.     Defendants, through their intentional and knowing misappropriation, and through their intentional wrongful retaliation by filing false complaints with Amazon, have benefited to the detriment of Plaintiffs by stopping Plaintiffs' sales with Amazon and requiring the expenditure of time and effort by Plaintiffs to correct Defendants' false and malicious complaints.

76.     Defendants have further benefited by manufacturing and selling products utilizing the trade secrets and proprietary and confidential information of Plaintiffs, allowing Defendants to avoid incurring the usual and standard startup costs for research and development related to their new product, avoiding a lengthy development period and avoiding costs.

16

77.     Defendants have wrongfully benefited from their actions as set forth above, including their use of Plaintiffs' (1) trade secrets, and (2) confidential and proprietary information apart from trade secrets.

## COUNT V

## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT
## (T.C.A. § 47-18-104(b))

78.     All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

79.     Defendants have intentionally, knowingly and maliciously misrepresented Plaintiffs' products as their own and filed false complaints with Amazon alleging Plaintiffs were using Defendants' copyrighted material and trademarks without Defendant's authorization, when such materials were those of Plaintiffs.

80.     Defendants' misrepresentations to Amazon have damaged Plaintiffs' business relationship with Amazon, and Plaintiffs' business relationship with their customers and potential customers.

81.     As a result of Defendants' misrepresentation to Amazon, Amazon took Plaintiffs' products off its internet sales platform and Plaintiff lost sales and prospective customers.

## COUNT VI

## UNFAIR COMPETITION

82.     All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

83.     Defendants filed complaints against Plaintiffs with Amazon and falsely misrepresented that Plaintiffs were using unauthorized copyrighted material and trademarks to sell its products on Amazon.

17

84.     Defendants' actions caused Amazon to remove Plaintiffs' products from its internet sales platform.

85.     The removal of Plaintiffs' products from the Amazon internet sales platform deprived the Plaintiffs of access to customers and potential sales.

86.     Defendants' willful and intentional wrongful conduct has harmed Plaintiffs and has benefited Defendants.

**COUNT VII**

**TRADE SECRET THEFT**

87.     All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

88.     The information of Plaintiffs that Defendants wrongfully used for their own benefit, derived independent economic value from not being generally known and could allow others to obtain economic value from its disclosure or use.  See *T.C.A. § 47-25-*1702.

89.     Plaintiffs have taken reasonable efforts to maintain the secrecy of its trade secret information, including, but not limited to, an agreement to keep such materials confidential, and password protection.

90.     Plaintiffs communicated their trade secrets to NYRLIL in a position of trust and confidence pursuant to and in connection with their agreement.

91.     Ningbo and its principals now have used the trade secret information originally communicated in confidence to NYRLIL for their own benefit.

92.     Ningbo's willful and malicious use of the trade secret information of Plaintiffs has resulted in damage to Plaintiffs.

93.     Upon information and belief, Ningbo and Defendants named herein have willfully, intentionally, and with full knowledge, violated the rights of Plaintiffs with regard to Plaintiffs' Products, as set forth herein.

94.     As a result of Defendants' willful and malicious misappropriation of Plaintiffs' trade secrets, Plaintiffs are entitled to injunctive relief and/or damages, as well as attorney's fees pursuant to the *Tennessee Uniform Trade Secrets Act* found at *T.C.A. § 47-25-1701, et seq.*

## COUNT VIII

### MISREPRESENTATION (17 U.S.C. § 512(f))

95.     All previous allegations of this Amended Complaint are incorporated by reference as if fully set forth herein.

96.     17 U.S.C. § 512(f) provides, in relevant part "Any person who knowingly materially misrepresents... that material or activity is infringing... shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer... who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing...."

97.     Upon information and belief, Defendants filed the false Amazon Complaints under the auspices of a claim under the Digital Millennium Copyright Act intentionally misrepresenting to Amazon that various of text and images on Plaintiffs' Amazon listings were copyrighted by Defendants when, in fact, such text and images were owned by Plaintiffs.

98.     Upon information and belief, Defendants knew that the Amazon Complaints were false and knew that the copyrighted material and trademarks actually belonged to the Plaintiffs.

99.     As a result of the Defendants' Amazon Complaints, Amazon took down Plaintiffs' products from its internet platform, causing Plaintiffs to lose sales and injuring their goodwill and reputation.

**WHEREFORE**, Plaintiffs pray as follows:

1.     That Defendants be served and required to answer this Amended Complaint within the time allowed by law;

2.     That Plaintiffs be allowed to effect service through the alternative service provisions of Tenn. R. Civ. P. 4A(4), or otherwise, due to the Defendants' ability to mask their identities through the anonymity afforded by the internet, which has prevented locating physical addresses for Defendants for the effectuation of traditional service (See Hamilton County Circuit Court Cases No. 20C697, *S&J Wholesale, LLC v. Niome Direct, et al* and *No. 21-C-1206, S&J Wholesale, LLC, et al. v. Alkitchmall, et al.).*

3.     That the Court provide relief against all Defendants in the form of a temporary restraining order, a temporary injunction and a permanent injunction, as previously set forth, prohibiting Defendants and all persons or entities related thereto, and all those in active concert with them as follows:

(a) Defendants shall not sell any goods or Products utilizing Plaintiffs' (1) trade secrets, and (2) confidential and proprietary information including, but not limited to, the ASINs identified in **Exhibit A** hereto;

(b) Defendants shall cease using and maintaining the Amazon listings and ASINs identified on **Exhibit A**, with Defendants deleting those listings and ASINs and instructing Amazon to do so as necessary;

(c) the seller settlement accounts of Defendants are hereby frozen to prevent the Defendants from accessing those funds to prevent them from being irretrievably disbursed and lost to the anonymity of the internet;

(d) the Defendants' inventories are hereby frozen to prevent the Defendants from transferring or withdrawing the inventories from Amazon;

20

(e) absent leave from this Court, the Defendants shall not file any additional intellectual property complaints with Amazon regarding any of Plaintiffs' listings or ASINs, including, but not limited to, those shown on **Exhibit G** hereto, and Defendants and all persons or entities related thereto, and all those in active concert with them, are restrained from filing any further false complaints with Amazon, including, but not limited to, posting unauthorized copyrighted texts, pictures, materials and trademarks, or otherwise engaging in improper conduct; and

(f) Amazon may and shall ignore any future intellectual property infringement complaints against Plaintiffs listings/ASINs on Amazon, as shown on **Exhibit G** hereto, (except complaints filed by Plaintiffs) and shall incur no liability in doing so. Plaintiffs shall not be limited with regard to filing complaints with Amazon to protect its own ASINs.

4.      That the Court enter an order requiring all Defendants to surrender to Plaintiffs any and all of the Products, including, but not limited to, hand and foot controls for disabled drivers, pedal extenders, dog wheelchairs, teleprompters, left foot accelerators, smelters, magazine loaders, and any other goods wrongfully produced utilizing Plaintiffs' trade secrets and proprietary and confidential information;

5.      That at a hearing on the temporary restraining order, the Court issue a temporary injunction;

6.      That the Court enter an order that Amazon may and shall ignore any future complaint against Plaintiffs listings on Amazon and shall incur no liability in doing so.

7.      That at a final hearing in this case, the Court award judgment in favor of Plaintiffs and against all Defendants for all damages resulting from their wrongful sale of the goods and Products set forth above, and ordering the (1) transfer to Plaintiffs of all funds frozen in the Amazon seller accounts, and (2) ordering release to Plaintiffs of any funds held by the Court to be applied to Plaintiffs' damages;

21

8.      That at the final hearing in this case, the Court issue a permanent injunction as set forth above;

9.      That at a final hearing in this case, the Court award judgment in favor of Plaintiffs and against all Defendants for all damages resulting from Plaintiffs' lost sales as a result of Amazon taking down Plaintiffs' products from its selling platform because of Defendants' false complaints;

10.     That the Court award Plaintiffs all attorney's fees, costs and expenses related to this Amended Complaint and all attendant litigation, including those allowed under the provisions of *T.C.A. § 47-25-1705*; and

11.     That the Court grant such other and further relief as the Court deems equitable and appropriate.

**THIS IS THE SECOND APPLICATION FOR EXTRAORDINARY PROCESS.**

Respectfully submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: ____/s/Mathew D. Brownfield_____
         Mathew D. Brownfield, BPR #010921
         April H. Sawhill, BPR #039906
         *Attorney for Plaintiffs*
         633 Chestnut Street, Suite 900
         Chattanooga, TN 37450
         Telephone:  (423) 756-8400
         Facsimile:   (423) 756-6518
         mbrownfield@gkhpc.com
         asawhill@gkhpc.com

22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served as indicated below. Parties may access this filing through the Court's electronic filing system.

This 21st day of December, 2022.

/s/Mathew D. Brownfield
Mathew D. Brownfield

# VERIFICATION

Pursuant to Tenn. R. Civ. P. 72, I declare under penalty of perjury that the foregoing is true and correct.

**S&J WHOLESALE, LLC**

_____

Printed Name: _____ Sylvan Newby _____
Title: Member

**KONCEPT INNOVATORS, LLC**

_____

Printed Name: _____ Sylvan Newby _____
Title: Member

**CAST MASTERS, LLC**

_____

Printed Name: _____ Sylvan Newby _____
Title: Member

**SYLVAN, LLC**

_____

Printed Name: _____ Sylvan Newby _____
Title: Member

**ABLE MOTION, LLC**

_____

Printed Name: _____ Sylvan Newby _____
Title: Member

24