# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| S&J WHOLESALE, LLC, *et al.*, | ) | |
| | ) | Case No. 1:22-cv-148 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| JINDAN DIRECT, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER

Before the Court is Plaintiffs' amended motion for default judgment (Doc. 79).  For the following reasons, the Court will **AWARD** Plaintiffs $9,316,928 in damages.  The Court will also **AWARD** Plaintiffs attorney's fees and will **REFER** the determination of reasonable attorney's fees to Magistrate Judge Lee.

## I.      BACKGROUND

On February 1, 2024, the Court entered default judgment against Defendants and, because Plaintiffs did not provide evidence that allowed the Court to award ascertain the amount of damages with reasonable certainty, the Court allowed Plainitffs to submit additional evidence supporting their claimed damages.  (Doc. 85, at 7–8.)  The facts of this case were detailed in that order.  (*Id.* at 2–5.)  Plaintiffs have since provided additional evidence.  (Docs. 86, 87.)

## II.     STANDARD OF LAW

To determine damages, "[t]he district court must instead conduct an inquiry in order to ascertain the amount . . . with reasonable certainty."  *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  Additionally, "[a] default judgment must

not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The party seeking default judgment bears the burden of establishing compensatory damages to a reasonable degree of certainty by a preponderance of the evidence. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011); *Eggert v. Meritain Health, Inc.*, 428 F. App'x 558, 563 (6th Cir. 2011) (citations omitted). "[C]ourts have considerable latitude in determining the appropriate award through an independent evaluation of the plaintiff's alleged damages." *RQSI Glob. Asset Allocation Master Fund, Ltd. v. APERCU Int'l PR LLC*, No. 3:15-cv-00778, 2019 WL 1922052, at *5 (W.D. Ky. Feb. 22, 2019), *report and recommendation adopted*, No. 3:15-cv-778, 2019 WL 1922045 (W.D. Ky. Mar. 29, 2019).

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may, but is not required to, hold a hearing to determine damages that are not for a sum certain; in lieu of a hearing, a court may review sworn affidavits sufficient to establish the amount of damages. *See I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-cv-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) ("In order to determine damages, the court can, but is not required to, hold an evidentiary hearing. '[A] hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages.'") (alteration in original) (quoting *Broad. Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009)); Fed. R. Civ. P. 55(b)(2) (A district court "*may* conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.") (emphasis added)); *Vesligaj*, 331 F. App'x at 354

("[Rule 55(b)(2)], by its terms, allows but does not require the district court to conduct an evidentiary hearing.") (citation omitted).

## III. ANALYSIS

Plaintiffs request that the Court take the following actions: (1) award Plaintiffs $9,316,928 in damages; (2) award Plaintiffs at least $140,000 and up to $520,000 in attorney's fees; (3) require Defendants to instruct Amazon to transfer all funds held by Amazon to Plaintiffs; (4) hold that identified Amazon Standard Identification Numbers ("ASINs") utilized by Defendants were used to infringe on Plaintiffs' trade secrets and intellectual property; (5) require Defendants to cease and desist all use of the identified ASINs; (6) require Defendants to instruct Amazon to take down the identified ASINs; (7) require Amazon to take down the identified ASINs; and (8) require Amazon to transfer all funds in Defendants' accounts to Plaintiffs. (Doc. 86, at 6–8.)

### A. Monetary Damages

Plaintiffs seek $9,316,928 in monetary damages. (Doc. 86, at 3–4.) In support of this, Plaintiffs present the declaration of Sylvan Newby, an owner or member of each Plaintiff. (Doc. 87.) Newby presents details of the model Plaintiffs use to value their damages. (*Id.* at 3–5.) The model calculates the profit Plaintiffs would have made if not for Defendants' unlawful conduct. (*Id.* at 3.) After considering the number of reviews on Defendants' listing of a products, Plaintiffs estimate the number of sales of each product given the ratio of reviews to sales—which Newby avers is approximately consistent on all their products. (*Id.*) The model then multiplies this estimated amount of sales by Plaintiffs' profit margin on the individual product to predict Plaintiffs' lost profit, which Newby avers is $9,316,928. (*Id.* at 4.) Newby

3

also details that, due to Defendants' failure to participate in the proceedings, Plaintiffs lack actual data from Defendants and therefore must rely on their model. (*Id.* at 3.)

The Court finds that Plaintiffs' additional evidence allows it to ascertain the amount of damages to a reasonable certainty without a hearing. This model is by no means perfect. But the Court also finds the model detailed enough to support Plaintiffs' claimed damages. This is especially true given the lack of information provided by Defendants in discovery—the same conduct for which the Court entered default. Therefore, the Court finds the model the best available method to ascertain the amount of damages Plaintiffs are entitled to a reasonable certainty. Accordingly, the Court award Plaintiffs $9,316,928 in monetary damages.

### B.    Attorney's Fees

Plaintiffs also seek attorney's fees. (Doc. 86, at 4.) Under the Digital Millenium Copyright Act, a court may, in its discretion, award reasonable attorney's fees to the prevailing party. 17 U.S.C. § 1203(b)(5).[1]

Here, Plaintiffs are the prevailing party, and, given the circumstances of this litigation—namely Defendants' failure to engage meaningfully in the action, the Court finds it appropriate to award Plaintiffs attorney's fees. Plaintiffs have provided sufficient evidence that they have incurred $140,000 in attorney's fees in this matter; Newby averred that Plaintiffs have incurred $140,000 in legal fees in this case and $520,000 in legal fees in related cases in the Circuit Court of Hamilton County, Tennessee. (Doc. 87, at 5.) However, because Plaintiffs provided no documentation that would allow the Court to determine whether these fees were reasonable, the

---

[1] The Tennessee Uniform Trade Secrets Act also allows the Court to award attorney's fees in cases of "willful and malicious misappropriation." Tenn. Code Ann. § 47-25-1705. Because this is a higher standard than the DMCA, the Court will only address the DMCA.

Court will refer the determination of the amount of reasonable attorney's fees to Magistrate Judge Lee.

### C.    Require Defendants to Instruct Amazon to Transfer Funds

The Court previously found that it lacked personal jurisdiction to enjoin Amazon to order "release to Plaintiffs . . . all funds held by Amazon." (Doc. 85, at 10.) Plaintiffs now ask the Court to order Defendants to instruct Amazon to release the funds to Plaintiffs. (Doc. 86, at 5.) The Court finds such an order is in the interest of justice and hereby **ORDERS** Defendants to instruct Amazon to release to Plaintiffs all funds frozen in the Amazon seller accounts.

### D.    Hold Defendants Utilized the Identified ASINs to Infringe on Plaintiffs' Trade Secrets and Intellectual Property

The Court previously adjudged that Defendants were liable for the alleged violations, including trade-secret infringement and other intellectual-property related violations. (Doc. 85, at 7.) Accordingly, the Court incorporates the list of ASINs identified by Plaintiffs and finds that Defendants used these ASIN to infringe on Plaintiffs' trade secrets and intellectual property. (Doc. 86, at 7.)

### E.    Require Defendants to Cease and Desist All Use of the Identified ASINs

The Court has already enjoined Defendants from selling any good utilizing Plaintiffs' trade secrets and from filing false Amazon complaints about Plaintiffs. (Doc. 85, at 10.) The Court finds the scope of this injunction sufficient to prevent the harm detailed by Plaintiffs. Requiring Defendants to completely stop using their Amazon accounts would be a complete shutdown of their businesses—including for any legitimate use—and the Court finds such an injunction would be too broad. Accordingly, the Court will not require Defendants to cease use of their ASINs, but Defendants cannot use these ASINs to perpetuate the unlawful activity described in this action.

5

**F.**      **Require Defendants to Instruct Amazon to Take Down Identified ASINs**

For the same reasons as above, the Court has already enjoined Defendants from engaging in the unlawful actions that provide the basis for this action.  Therefore, the Court will not require Defendants to take action that will bar them from selling products on Amazon entirely.  Of course, Defendants may not use the accounts for illegitimate purposes.

**G.**      **Require Amazon to Take Down Identified ASINs and Require Amazon to Transfer Funds**

As discussed in the Court's prior order, the Court lacks personal jurisdiction over Amazon and therefore cannot enjoin it.  Therefore, the Court cannot require Amazon to take Plaintiffs' requested actions.  (*See* Doc. 85, at 10.)

**IV.      CONCLUSION**

For the above-stated reasons, the Court award Plaintiffs $9,316,928.00 in damages.  The Court awards Plaintiffs attorney's fees and **REFERS** the determination of reasonable attorney's fees to Magistrate Judge Lee.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*_____
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**